Rivera, Demandante y Apelado, v. Martínez, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre libelo y daños y perjuicios. *Memorandum* de costas.

No. 2086.—Resuelto en marzo 5, 1920.

Apelación—Costas—Honorarios de Abogado.—No habiendo presentado el apelado su *memorandum* de costas diez días después de dictada la sentencia recurrida que, en cuanto al particular relativo a las costas propiamente dichas, no fué modificada por la de la Corte Suprema, prescribió su derecho a recobrarlas; pero no prescribió su derecho a percibir los honorarios de abogado porque en ese particular la sentencia apelada fué modificada en el sentido de imponer al demandado el deber de satisfacerlos.

Id.—Cuantía de los Honorarios de Abogado.—Si bien en los casos de indemnización por libelo ordena la ley que se fije en la sentencia la cuantía de los honorarios de abogado, no constituye error perjudicial al apelante el hecho de que así no se haga y se adopte el procedimiento ordinario permitiendo al apelado que presente su minuta y a la parte condenada al pago que formule su impugnación, antes de resolver la corte en definitiva.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. V. P. Martínez.*

Abogado del apelado: *Sr. L. Llorens.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El 26 de octubre de 1917 la Corte de Distrito de Aguadilla dictó una sentencia en este caso, cuya parte dispositiva dice así:

"Debe declarar y declara con lugar la demanda y sin lugar la reconvención del demandado, condenando al demandado, Víctor P. Martínez, al pago de la suma de *un dollar,* honorarios de abogado en la suma de *un dollar* y las costas del litigio."

Apeló de esa sentencia el demandante y esta Corte Suprema resolvió el recurso por sentencia de 6 de diciembre de 1918, cuya parte dispositiva dice así:

"Debe declarar como declara con lugar el recurso de apelación y en su consecuencia modificar como modifica la sentencia recurrida en el sentido de que el demandado sea como es condenado a pagar

al demandante la suma de tres mil pesos, los honorarios de abogado y las costas del litigio.''

Las dos sentencias a que nos hemos referido constituyen los dos primeros documentos de la transcripción. El tercero es un *memorandum* de costas y desembolsos ascendente a $1,275.25, suscrito y jurado el 5 de julio de 1919. Luego sigue la impugnación del demandado suscrita y jurada el 8 de julio, el acta de la vista y resolución de la corte aprobando el *memorandum*. Y, por último, el escrito de apelación del demandado y la certificación del secretario.

Al acto de la vista del recurso sólo compareció la parte apelante que fué además la única que presentó alegato escrito. En dicho alegato sostiene que no habiendo el demandante presentado su *memorandum* de costas diez días después de dictada la sentencia de 26 de octubre de 1917 por la corte de distrito, su derecho a cobrar dichas costas había prescrito en 5 de julio de 1919 cuando se resolvió a ejercitarlo, y que habiendo sido condenado el demandado a pagar tanto por la sentencia de la corte de distrito cuanto por la de esta Corte Suprema simplemente la suma de un dollar por honorarios de abogado, sólo a esa suma tiene derecho, y no a la de mil que reclama. Cita el apelante en relación con este último extremo la decisión de esta corte en el caso de *Saldamando* v. *Valdecilla*, 20 D. P. R. 96.

1. El *memorandum* aprobado por la corte de distrito asciende, como hemos dicho, a la suma de $1,275.25. De esa suma $1,000 corresponden a honorarios de abogado y $275.25 a costas y desembolsos.

En cuanto a los desembolsos, el demandado no fué condenado a pagarlos expresamente ni por la sentencia de la corte de distrito ni por la de esta Corte Suprema, y, en tal virtud, de acuerdo con la jurisprudencia establecida en el caso de *Veve* v. *El Municipio de Fajardo*, 18 D. P. R. 364, dicho demandado no puede ser obligado a satisfacerlos.

En cuanto a las costas, estamos conformes con el ape-

lante en que no habiendo presentado el demandante su *memorandum* diez días después de dictada la sentencia de la corte de distrito, no modificada en ese particular por la de esta Corte Suprema, su derecho a percibirlos prescribió. Véase el artículo 339 del Código de Enjuiciamiento Civil, tal como fué enmendado por ley de 12. de marzo de 1908, Comp. de 1911, página 910, y la opinión de esta corte en el caso de *Buxó et al.* v. *Buxó et al.,* 18 D. P. R. 190.

2. En cuanto a los honorarios de abogado, no tiene razón el apelante. La sentencia de la corte de distrito condenó expresamente al demandado a pagar la suma de $1 por tal concepto. En ese particular, como en el de la cuantía de la indemnización, la sentencia de la corte de distrito fué modificada por la de esta Corte Suprema que condenó al dicho demandado a pagar "los honorarios de abogado", que no habiéndose fijado, deben ser aquellos que en el debido curso de la ley se adjudicaran como razonables por la corte.

En el caso de Saldamando, *supra,* invocado por el propio apelante, la demandante reclamó $25,000 como daños y perjuicios por libelo. La corte de distrito estimó que el libelo existía pero que no causó daños y perjuicios y dictó sentencia en contra de la demandada condenándola a pagar a la demandante $1 y, además, $250 como honorarios de abogado y las costas y desembolsos del litigio. La demandante solicitó reconsideración de esa sentencia en lo relativo a la cuantía de los honorarios pidiendo que se fijaran en la suma de $1,000, a cuya pretensión se opuso la parte demandada, y la corte resolvió finalmente modificar su sentencia condenando a la demandada a pagar $400 por honorarios en vez de $250. Apeló la demandada para ante este tribunal y esta corte, después de un cuidadoso estudio de la ley aplicable, confirmó la sentencia recurrida. No favorece, pues, al apelante, la decisión que invoca.

Tratándose de un caso de libelo, ordena la ley se fije en la misma sentencia la cuantía de los honorarios, pero no

constituye error perjudicial al apelante el hecho de que así no se hiciera y se adoptara el procedimiento ordinario permitiendo a la parte a cuyo favor se concedieron que presentara su minuta y a la parte condenada al pago que formulara su impugnación, antes de resolver la corte en definitiva, contra cuyo procedimiento tampoco se hizo protesta alguna.

Ahora bien, $1,000 de honorarios por el trabajo realizado por el abogado del demandante en la corte de distrito nos parece una cantidad excesiva atendidas todas las circunstancias del caso. La mitad de esa suma es, a nuestro juicio suficiente.

Por virtud de todo lo expuesto debe modificarse la resolución recurrida en el sentido de que el demandado sólo debe pagar al demandante la suma de $500 por honorarios de abogado.

> *Modificada la resolución apelada en el sentido de que el demandado nada debe satisfacer por costas y desembolsos, debiendo pagar solamente quinientos dólares por honorarios de abogado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.